UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| PATRICK COOMBS, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | ) Civil No. 09-120-B-W |
| | ) |
| STATE OF MAINE, | ) |
| | ) |
|     Respondent | ) |

**RECOMMENDED DECISION ON 28 U.S.C. § 2254 PETITION**

Patrick Coombs has filed a 28 U.S.C. § 2254 petition attacking his 1994 guilty-plea forty-year murder sentence. I recommend that it be summarily dismissed pursuant to Rule Governing Section 2254 Proceedings 4 because on the face of the petition and the exhibits submitted by Combs his petition is untimely under 28 U.S.C. § 2244(d).

That provision reads:

> **(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>     **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>     **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>     **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>     **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d).

With regards to § 2244(d)(1)(A), Coombs did not seek direct review and he filed his first state post-conviction petition on June 26, 2006. There is no question but that his § 2244(d)(1)(A) year ran before Coombs took any step to seek further review of his sentence.

Coombs has submitted the order from the Maine Superior Court summarily dismissing his state petition for post-conviction review which he filed on June 26, 2006. That petition relied on Maine v. Schofield, 2005 ME 82, 895 A.2d 927. Schofield addressed the implications of the United States Supreme Court's Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 542 U.S. 296, 303 (2004), and United States v. Booker, 543 U.S. 220 (2005) line of cases on a sentence that exceeded twenty years, imposed after a 17-A M.R.S. § 203 manslaughter conviction.

In its order on the motion to reconsider its summary dismissal of Coombs's 2006 petition, the Superior Court reiterated its conclusion that Coombs's petition for post-conviction review was untimely. (See Doc. No. 1-3.) It concluded that the state post-conviction statute of limitation ran on September 2, 1995. It also noted that under the statute of limitations for state post-conviction petitions Coombs could not rely on 15 M.R.S. § 2128(5)(B) permitting the filing of post-conviction petitions one year from the "date on which the constitutional right, state or federal, asserted was initially recognized by the Law Court or the Supreme Court of the United States, if the right has been newly recognized by that highest court and made retroactively applicable to cases on collateral review." (See Doc. 1-3 at 2 .) The Superior Court justice concluded that Schofield did not create a new constitutional right and did not apply retroactively, (id.) anticipating the holding of Carmichael v. State, 2007 ME 86, 42, 927 A.2d 1172, 1181-182. The Superior Court justice also rejected Coombs's argument that his petition was timely under the newly discovered factual predicate alterative of 15 M.R.S. § 2128(5)(C). (Id. at 3.) The

2

Maine Law Court denied a certificate of probable cause. (Doc. No. 1-5.) The Law Court had stayed the proceeding pending the final disposition by the United States Supreme Court of a petition for writ in <u>Libby v. Maine</u>, 2007 ME 80, 926 A.2d 724, <u>cert.</u> <u>denied</u>, 128 S.Ct. 1121 ( Jan 22, 2008).  In that case the Maine Law Court summarized:

> Libby argues that the trial court failed to apply the holdings of <u>Apprendi</u> and <u>Schofield</u>, which recognize the existence of a Sixth Amendment right to have a jury determine, beyond a reasonable doubt, any fact that increases the penalty for a crime beyond the prescribed statutory maximum. We conclude that the holdings of <u>Apprendi</u> and <u>Schofield</u> do not apply to the current murder sentencing statutes and therefore affirm the judgment of the trial court dismissing his petition.

2007 ME 80, ¶ 1, 926 A.2d at 724 -25 (footnote omitted).  <u>See</u> <u>also</u> <u>Higgins v. Maine</u>, Civil No. 07-06-B-W, 2008 WL 5191736, 6 (D.Me. Dec. 9, 2008) (recommended decision), <u>aff'd</u>, 2008 WL 5412299 (D.Me. Dec 24, 2008). With <u>Libby</u> resolved, the Maine Law Court thus endorsed the Superior Court's determination that the petition was untimely.

With respect to the timeliness of his 28 U.S.C. § 2254 petition, Coombs represents that he was unaware that his rights were violated until the announcement of the <u>Schofield</u> case. Apropos the timeliness of this federal § 2254 petition under the federal § 2244(d)(1)(C) limitation period, even if the Maine Law Court had concluded that <u>Schofield</u> was retroactive to state post-conviction proceedings, it would not translate to retroactivity for purposes of Coombs's federal petition.  Only the United States Supreme Court precedent is operative in that provision and only the United States Supreme Court can make a case retroactive to federal habeas petitions.  <u>See</u> <u>Tyler v. Cain</u>, 533 U.S. 656 (2001).  Even if Coombs had relied directly on <u>Apprendi</u>, <u>Blakely</u>, and <u>Booker</u> in arguing the timeliness of his 28 U.S.C. § 2254 petition these cases have not been made retroactive to cases on collateral review by the United States Supreme

Court.  See Newbury v. Maine, Civil No. 08-299-B-W, 2008 WL 4330304, 1 -2 & n.2 (D.Me. Sept. 17, 2008) (recommended decision), aff'd, 2008 WL 4530907 (D. Me. Oct. 6, 2008).

## *Conclusion*

For the reasons outlined above I recommend that the Court summarily deny this 28 U.S.C. § 2254 petition pursuant to Rule Governing Section 2254 Proceedings 4 because it is untimely.  I further recommend that a certificate of appealability should not issue in the event Coombs  files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof.  A responsive memorandum shall be filed without ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

March 31, 2009.